UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LNV CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-468 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| CATHERINE GEBHARDT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are a Motion to Withdraw [Doc. 18], filed by Attorney Douglas E. Taylor, counsel for the Defendant, and a "Motion to Proceed Pro Se, Affidavit in Support of Continuance & Motion for Permission to Seek Affirmative Relief," [Doc. 17], filed by Defendant Catherine Gebhardt.

**A.  Motion to Withdraw [Doc. 18]**

Local Rule 83.4 governs the withdrawal of counsel. It requires that: counsel request permission to withdraw as counsel; include the current mailing address and telephone number of the client; provide a copy of the motion to the client fourteen days prior to filing; and certify that the requirements of the rule have been met. See E.D. Tenn. L.R. 83.4(f).

The Court finds that the Motion to Withdraw did not satisfy Rule 83.4, when filed on October 02, 2013, because it did not certify that a copy of the Motion to Withdraw was served upon Defendant fourteen days prior to the Motion to Withdraw being filed. The Motion to Withdraw did, however, certify that a copy of the Motion to Withdraw was mailed to Defendant

on October 2, 2013. The Court finds that fourteen days have elapsed since this mailing, and the Court finds that Rule 83.4's notice requirement has been satisfied. Further, the Court finds that the Defendant has provided her telephone number and address to the Court in her *pro se* motion. [Doc. 17 at 7]. Accordingly, the Court finds that the Motion to Withdraw [Doc. 18] complies with Local Rule 83.4, and therefore, it is **GRANTED**.

Attorney Douglas E. Taylor **SHALL** produce copies of any relevant documents in his possession to the Defendant and advise Defendant of all pertinent dates and deadlines in this case in writing. Thereafter, Mr. Taylor is **RELIEVED** of his duties as counsel in this matter.

No other attorney has filed a notice of appearance as counsel for the Defendant, and therefore, the Court **DEEMS** Defendant to be proceeding *pro se* in this litigation, unless and until another attorney files a notice of appearance on Defendant's behalf. The Clerk of Court **SHALL** enter Defendant's current mailing address of 3753 Thomas Cross Road, Sevierville, TN 37876, and her telephone number of 865-774-1248 in the docket of this case. The Clerk of Court **SHALL** mail a copy of this Memorandum and Order to the Defendant at the above address.

**B.**  **"Motion to Proceed Pro Se, Affidavit in Support of Continuance & Motion for Permission to Seek Affirmative Relief," [Doc. 17]**

In her *pro se* motion, Defendant appears to move the Court to: (1) allow her to proceed *pro se* until such time as substitute counsel may be obtained; (2) extend the pretrial deadlines in this case; and (3) direct Attorney Douglas Taylor, her former counsel, to account for moneys paid to him during the course of this representation.

With regard to the Defendant's first request, the Court finds that, pursuant to this Memorandum and Order, Mr. Taylor has been relieved of his duties as counsel in this case. The

Court has deemed the Defendant to be proceeding *pro se*. Therefore, the Court finds that the request to proceed *pro se* is moot, and it is **DENIED AS MOOT**.

The Court turns next to the request to extend the pretrial deadlines. Pursuant to Rule 16, the pretrial deadlines contained in the Scheduling Order will not be changed except for good cause. See Fed. R. Civ. P. 16(b)(4). The Scheduling Order reiterates that good cause must be shown to change any dates or deadlines. [See Doc. 6].

The Court finds that the Defendant has not shown good cause for extending the pretrial deadlines in this case. The Defendant has not directed the Court to any specific deadline that she contends should be extended or the basis for any extension. Moreover, the Defendant has not specified how much additional time she believes should be afforded. For example, the Defendant mentions the fact that the time for discovery has expired, but she does not state any basis for the Court allowing additional discovery or how much additional time is needed for discovery. Accordingly, the Court finds that the request to extend pretrial deadlines is not well-taken, and it is **DENIED**.

Finally, the Court finds that the Defendant's request for an accounting of her payments to Mr. Taylor is not well-taken. The instant suit is before the Court to address the claims between LNV Corporation and the Defendant. If the Defendant intends to pursue a claim against Mr. Taylor she may institute a separate action in the appropriate court to address her claim. Accordingly, the Court finds that the request for an accounting is not well-taken, and it is **DENIED**.

For the reasons stated herein, the Defendant's "Motion to Proceed Pro Se, Affidavit in Support of Continuance & Motion for Permission to Seek Affirmative Relief," [Doc. 17], is **DENIED**.

**C.     Conclusion**

In sum, the Motion to Withdraw **[Doc. 18]**, filed by Mr. Taylor, is **GRANTED**, and the Defendant's "Motion to Proceed Pro Se, Affidavit in Support of Continuance & Motion for Permission to Seek Affirmative Relief," **[Doc. 17]**, is **DENIED.**

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge