UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LNV CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:12-CV-468-TAV-HBG |
| | ) |
| CATHERINE GEBHARDT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on two motions: (1) plaintiff LNV Corporation's Motion for Summary Judgment [Doc. 8], in which plaintiff seeks recovery of the amount owed by defendant; and (2) defendant's Supplemental Motion to File Counter-Complaint and Third Party Complaint [Doc. 22], in which defendant, appearing *pro se*,[1] seeks leave of the Court to file a counter complaint against plaintiff as well as assert additional claims against non-parties. Defendant, acting through her former counsel, submitted several responses to plaintiff's motion [Docs. 11, 12, 13], to which plaintiff submitted a reply [Doc. 14]. Defendant has also submitted numerous other filings since continuing in this matter *pro se* [*See* Docs. 15, 32, 33, 34, 48, 50]. Plaintiff submitted a response opposing defendant's motion to file a counter complaint [Doc. 28], to which defendant replied [Doc. 30]. The Court has considered the matter, in light of the

---

[1] Although defendant was initially represented by counsel in this matter, defendant's counsel was permitted to withdraw by order of the magistrate judge [Doc. 31], and plaintiff has since represented herself *pro se*.

arguments of the parties, the exhibits submitted on behalf of the parties, and the prevailing case law. For the reasons discussed herein, plaintiff's motion [Doc. 8] will be granted and defendant's motion to file [Doc. 22] will be denied.

I. Background

This dispute arises from the home loan obtained by defendant on November 7, 2002, for the purchase a new home located at 3753 Thomas Cross Road, Sevierville, Tennessee, as evidenced by an Adjustable Rate Note (the "Note") [Docs. 10, 10-2], secured by a Deed of Trust [Doc. 48-11]. The Note was originated by Sebring Capital Partners, Limited Partnership, and eventually assigned to plaintiff, who is the current holder of the Note [Doc. 10-1 ¶ 4].[2] Under the original terms of the Note, defendant was obligated to make monthly payments in the amount of $2,044.12 through December 2032 [Doc. 10-2]. The Note also states, however, that the amount of the monthly payment, as well as the interest rate, could change [Doc. 10-2, §§ 3(C), 4]. The Note also provides that if defendant did not make the full monthly payment on the due date, defendant would be in default under the terms of the Note [*Id.* at § 7].

Plaintiff alleges that defendant subsequently defaulted on the Note by failing to make timely payments [Doc. 10-1 at ¶ 7]. On March 4, 2009, plaintiff alleges, defendant received a demand letter under the terms of the Note, informing her that the loan was in default, and had been past due since December 1, 2008 [Doc. 10-3]. The letter indicated

---

[2] Although the record is unclear as to the precise sequence of ownership, it appears that the Deed of Trust and Note were assigned to plaintiff in March 2008 by Residential Funding Company, LLC [Doc. 48-15].

that defendant owed $11,722.69 to cure the default and avoid acceleration/foreclosure proceedings [*Id.*]. On August 31, 2012, plaintiff, acting through counsel, sent another notice of default to defendant's address, informing her that the loan had been accelerated and that the outstanding amount of the debt owed was $348,771.21 [Doc. 10-4]. After defendant's continued failure to make proper payment, plaintiff instituted this action in September 2012.[3]

## II. Motion for Summary Judgment

### A. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

---

[3] The Court notes that the debt at issue in this case has been the subject of litigation in several previous cases, including *Gebhardt v. GMAC Mortgage, LLC*, No. 3:09-CV-425 (E.D. Tenn.) (Phillps, J.), which was dismissed with prejudice against defendant in this case, as well as a state case in Sevier County, in which defendant herein sued plaintiff herein and other parties, and which was dismissed voluntarily by defendant as to plaintiff [Doc. 14-4].

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**B. Analysis**

Plaintiff argues that summary judgment is proper at this stage of the proceedings because defendant cannot show there is a genuine issue of material fact as to her default

4

on the balance of the Note. In support of this argument, the defendant submitted the affidavit of Brent Maloney, an employee of MGC Mortgage, Inc., which serves as an authorized loan servicer for plaintiff [Doc. 10-1]. Mr Maloney stated that as of July 31, 2013, the total amount owed on the Note was $345,918.46, excluding attorneys' fees and other additional amounts [*Id.* ¶ 10]. In addition, plaintiff argues that defendant has failed to cure the default, despite being notified of the default status in 2009 and 2012. Plaintiff also argues that despite two separate cases in which defendant attempted to avoid the obligations under the Note by suing plaintiff or its related entities, defendant cannot show that the Note is void or that she otherwise is not liable for the full amount owed to plaintiff.

In her various responses, defendant raises a number of issues which she claims are "in dispute" but focuses her arguments on three issues: (1) that the Note was the product of fraud on the part of the lenders and others, voiding the Note; (2) that errors in the Note, Deed of Trust, and other documents similarly render the Note invalid; and (3) that she is not in default because the amount due is unclear and she has made payments. Defendant submitted several of her own affidavits in which she alleges that various aspects of plaintiff's claim are in dispute, and has filed various documents in support of this position, ranging from the Note and corresponding Deed of Trust to criminal records for plaintiff's affiant and other individuals involved in the underlying mortgage transaction.

5

Case 3:12-cv-00468-TRM-CCS   Document 53   Filed 03/18/14   Page 5 of 18   PageID #: 744

Under Tennessee law, the basic elements for a breach of contract action include "(1) the existence of a contract, (2) breach of the contract, and (3) damages which flow from the breach." *Life Care Ctrs. of America, Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). "The rights and obligations of contracting parties are governed by their written agreements." *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993) (citing *Bob Pearsall Motors, Inc. v. Regal Chrysler—Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975)). A court is not "at liberty to relieve parties from their contractual obligations simply because these obligations later prove to be burdensome or unwise." *Id.* (citing *Atkins v. Kirkpatrick*, 823 S.W.2d 547, 553 (Tenn. Ct. App. 1991)). When the language of a contract is plain and unambiguous, a court must interpret the contract on its plain terms. *Pitt v. Tyree Org. Ltd.*, 90 S.W.3d 244, 252 (Tenn. Ct. App 2002) (citations omitted). The language of the contract must be taken and understood in its plain, ordinary, and popular sense. *Id.*

Courts, however, may "not be used to enforce a contract which is the product of fraud; indeed, fraud vitiates all that it touches." *Shelby Elec. Co. v. Forbes*, 205 S.W.3d 448, 455 (Tenn. Ct. App. 2005). It is well settled that a contract "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Doe v. HCA Health Serv. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *see also Spann v. Am. Express*, 224 S.W.3d 698, 711 (Tenn. Ct. App. 2006) (noting that grounds for refusing to enforce contract include fraud).

6

In her first set of responses to plaintiff's motion for summary judgment, defendant argues that she "was induced to enter into a mortgage contract through the use of fraud, *i.e.* misrepresentations and omissions of material fact knowingly made by Joyce Linger and others with intent to deceive [d]efendant and upon which she justifiably relied, which has caused her injury," [Doc. 12 at 2], so that the validity of the contract is in dispute. Defendant's affidavit submitted in response to plaintiff's motion similarly states that the contract was entered into by fraud. The Court finds, however, that such recitations of the elements for a claim of fraud are insufficient to show that a genuine issue of material fact exists under Rule 56 of the Federal Rules of Civil Procedure. In showing that a fact is genuinely disputed to avoid summary judgment, defendant must cite to "particular parts of materials in the record" rather than asserting legal conclusions. Fed. R. Civ. P. 56(c)(1). "Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial." *Padgett v. Caruso*, 2011 WL 4701765, at *2 (W.D. Mich. Aug. 17, 2011) (citing *Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 962, 966 (6th Cir. 2009)). Although defendant argues that the Note was the product of fraud, defendant alleges no specific misrepresentations of fact made by any of the involved parties, nor provide any evidence of record from which the Court could determine whether there was a genuine dispute as to the issue of whether any such misrepresentations were knowingly made or made with the intent to deceive. The Court thus concludes that plaintiff's claims of fraud do not present a genuine issue of material fact precluding summary judgment.

7

The Court reaches the same conclusion with regard to defendant's other arguments as to the validity of the Note. While defendant argues that several of the signatures on the Note were forged, defendant has presented no evidence substantiating this claim other than her own affidavits, and it is well-established that such "self-serving affidavits" are insufficient to sustain or avoid a motion for summary judgment. *Jadco Enters., Inc. v. Fannon,* --- F. Supp. 2d ---, 2014 WL 66521, *7 (E.D. Ky. Jan. 8, 2014) (citing *Devine v. Jefferson Cnty.*, 186 F. Supp. 2d 742, 744 (W.D. Ky. 2001)); *Wolfe v. Vill. of Brice*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999); *see also Allen v. Ohio Dept' of Job & Family Servs.*, 697 F. Supp. 2d 854, 891 (S.D. Ohio 2010) (citing *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) (noting that self-serving affidavits without factual support in the record carry no weight on summary judgment)). Defendant also argues that the floor rate addendum to the Note [Doc. 1-1 at 5], which imposes limits on interest rate changes, is invalid because it was not properly attached to the Note. The addendum, however, states that the document "is incorporated into and shall be deemed to amend and supplement the Adjustable Rate Note (the "Note") of the same date" [*Id.*]. Defendant offers no evidence indicating that the addendum was improperly attached beyond her own allegations. As to defendant's arguments that several typographical mistakes and other errors in the loan application, such as her citizenship status and the like, the Court finds that any such *de minimis* errors do not invalidate the Note itself, particularly in light of the fact that defendant signed both the loan application and other documents, representing that she had read them and understood their contents. *Philpot v. Tenn.*

8

*Health Mgmt., Inc.*, 279 S.W.3d 573, 579 (Tenn. Ct. App. 2007) ("The law imparts on parties to a contract to learn the contents and stipulations of a contract before signing it, and signing it without learning such information is at the parties own peril."). Finally, although defendant argues that the Note was improperly assigned to plaintiff, defendant presents no evidence in this regard, and has, in fact, submitted the document memorializing the assignment of the deed of trust from Residential Funding Company to plaintiff, executed in March 2008 [Doc. 48-13].

With respect to the element of breach, defendant argues that there is a genuine issue of material fact as to whether she is in default because the amount owed on the Note has been inconsistently represented to her and because she has made payments on the debt to avoid default. The Court disagrees. Defendant's loan application materials indicate that the loan amount is $243,100.00 [Doc. 48-8 at 4]. This amount is consistent with the principal amount listed in the Note [Doc. 1-1], the value listed on the Deed of Trust [Doc. 48-13], and on the subsequent document memorializing the assignment of the deed to plaintiff [Doc. 48-15]. To the extent the amount of debt owed to plaintiff has changed over time, defendant has not presented evidence that such changes are the result of anything other than the accrual of interest, as set forth in the Note and corresponding floor rate addendum. As to defendant's arguments that the monthly payment she owed changed, so that it was difficult to know how much she owed, the Note indicates that the monthly payment would change as the interest rate changed. Finally, although defendant submitted evidence of loan payments she made over the course of several months [*see*

9

Case 3:12-cv-00468-TRM-CCS   Document 53   Filed 03/18/14   Page 9 of 18   PageID #: 748

Docs. 48-5, 48-6, 48-7], these payments do not create a genuine issue of material fact as to whether defendant paid the full amount owed on the Note, or, in the alternative, the approximately $11,722.69 amount due in order to cure her default under the March 2009 letter.

From this evidence, the Court concludes that defendant has not shown a genuine issue of material fact exists as to whether defendant breached the terms of the Note. Accordingly, judgment will be entered for plaintiff for the entire amount of the debt.

### III. Motion to File Counterclaim and Third Party Complaint

In her motion to file a counter complaint and third-party complaint, defendant argues that her prior counsel did not adequately act on her behalf in filing the appropriate pleadings seeking affirmative relief on her behalf [Doc. 22 at 2]. Defendant submits that leave to file her counter complaint and third-party complaint is necessary due to shortcomings of her former retained counsel in order to prevent a violation of her rights. In her proposed counter complaint [Doc. 22-1], which exceeds fifty pages, defendant attempts to add thirteen parties to this action, ranging from other mortgage corporations to individuals associated with the Note at issue, and in doing so asserts claims ranging from violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, to violations of the Fifth and Fourteenth Amendments, respectively. Plaintiff argues that this is an untimely amendment to the pleadings under the Scheduling Order [Doc. 6] and that good cause does not exist to permit the late-filed pleading.

10

Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure, which states, in relevant part that a pleading must state as a counterclaim any claim that the pleader has against the opposing party if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a)(1)(A). Similarly, Rule 14 of the Federal Rules of Civil Procedure requires a party to obtain leave of court if it files a third-party complaint more than fourteen days after serving its original answer. Given that defendant's motion [Doc. 22] was filed after her initial answer, and the proposed counterclaims arise out of the same transaction as plaintiff's claim, the Court construes the motion as a motion to amend under Rule 15 of the Federal Rules of Civil Procedure.

A. **Standard of Review**

Rule 15(a) instructs that courts should "freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a). However, when a deadline established by a court's scheduling order has passed, the party seeking to file beyond the deadline must show good cause under Rule 16(b) for failure to file before the deadline. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). With respect to amendment of pleadings, where a deadline established by a court's case management order has passed, "a [party] first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th

11

Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). As defendant's motion was filed approximately two months after the deadline for amended pleadings, defendant must first show good cause for modification of the Scheduling Order to allow the belated amendment under Rule 16.[4]

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). The test for diligence is not how quickly counsel moves to amend after becoming aware of the information warranting the amendment. *Stanich v. Hissong Grp., Inc.*, No. 2:09-cv-143, 2011 WL 1560650, at *4 (S.D. Ohio Apr. 25, 2011). The test, rather, is whether plaintiffs could have discovered the information underlying the sought-after amendment prior to the deadline set forth in the scheduling order. *Id.*; *see also Perea v. Hunter Douglas Window Fashions, Inc.*, No. 06-cv-01374-MSK-MJW, 2008 WL 511409, at *3 (D. Colo. Feb. 22, 2008). The Sixth Circuit has noted that when an amendment is sought at a late stage of litigation, "there is an increased burden to show justification for failing to move earlier." *See Bridgeport Music, Inc. v. Dimension Films*, 401 F.3d 647, 662 (6th Cir. 2004) (citation omitted).

---

[4] Although the trial in this matter was continued by Order of the Court [Doc. 19], the Order specifically stated that only "unexpired pretrial scheduling deadlines" would be calculated from the new trial date, so that any amendments to the pleadings were due on August 18, 2013 under the Scheduling Order [Doc. 6 at 2].

12

Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of any apparent or declared reason," which may include, but is not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

**B. Analysis**

In this case, defendant's request is untimely under the relevant procedural rules and under the Scheduling Order in this case [Doc. 6]. Defendant's primary excuse for her delay appears to be that her attorney did not act on her behalf, and notes that she was in possession of the information on which her proposed amendment is based since 2011 and passed it along to her former attorney. The Court finds this argument insufficient for a showing of good cause under Rule 16, as it is well-established that "'clients must be held accountable for the acts and omissions of their attorneys.'" *Howard v. Nationwide*

13

*Prop. and Cas. Ins. Co.*, 306 F. App'x 265, 268 (6th Cir. 2009) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993)). Defendant's former counsel's failure to previously file a counterclaim and third party complaint do not create good cause to permit defendant to do so now that she is *pro se*, particularly in light of the fact that doing so would prejudice plaintiff by forcing it to defend itself for the first time in this matter. In addition, allowing plaintiff's late amendment would add twelve new parties to this action, which would be a hindrance to "efficient judicial administration." *Cf. Pioneer*, 507 U.S. at 398 (noting that permitting tardy claim in that case would not prejudice parties or administration of justice). The Court thus concludes that defendant has not shown good cause under Rule 16 to permit her to file her proposed counter complaint out of time.[5]

Even were the Court to find defendant's request timely or otherwise excused, the Court concludes that amendment would be futile because the proposed pleading [Doc. 22-1] would not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of

---

[5] Similarly, the Court does find that defendant's failure to file was based on excusable neglect so as to warrant an extension for filing under Rule 6 of the Federal Rules of Civil Procedure.

14

the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In addition, under Rule 9(b) of the Federal Rules of Civil procedure, "a party must state with particularity the circumstances constituting fraud . . . ." *See Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) ("'[A]llegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.'") (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).

> [A] complaint is sufficient under Rule 9(b) if it alleges the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud, and enables defendants to prepare an informed pleading responsive to the specific allegations of fraud.

15

*United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009) (internal quotations omitted). "A court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Allegations of reliance must also be pled with particularity. *Evans v. Pearson Enters.*, 434 F.3d 839, 852-53 (6th Cir. 2006).

In this case, defendant's proposed counter and third-party claims do not satisfy the pleading obligations under Rules 8 and 9. Defendant's proposed counter complaint contains numerous allegations but without tying these allegations to the elements of claims which would entitle defendant to recover from plaintiff or any of the proposed third-party defendants. While defendant cites to various statutes and other material, defendant does not show that her claims are plausible on their face. There are also portions of the proposed complaint that appear to be copied and pasted or otherwise derived from other legal and court documents, which make the proposed counter complaint confusing and difficult to understand [Doc. 22-1 at 29].[6] With respect to her claims of violations of the Fifth and Fourteenth Amendments, plaintiff does not allege that any of the proposed defendants were engaged in actions on behalf of the state. *See Scott v. Clary Cnty.*, 205 F.3d 867, 873, n.8 (6th Cir. 2000) (noting that Fifth Amendment's Due Process Clause only circumscribes actions by the federal government); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (holding that

---

[6] Plaintiff notes in its response that portions of defendant's proposed counter complaint are derived from the complaint in *Subramaniam v. Beal et al.*, Case No. 3:12-CV-1681 (D. Or.).

16

Due Process Clause of the Fourteenth Amendment applies only to state action); *Craft v. Memphis Light, Gas, and Water Div.*, 867 F.2d 684, 687 (6th Cir. 1976) (same). Finally, with respect to defendant's proposed fraud claims, defendant has not adequately alleged the time, place, or content of the alleged misrepresentations so that plaintiff or any of the proposed third-party defendants could prepare a proper response, even when viewing defendant's proposed counter complaint under the liberal standard afforded *pro se* parties. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.").[7]

Accordingly, the Court finds that permitting defendant to file the proposed counter complaint [Doc. 22-1] would be inappropriate at this stage of the case, and defendant's motion [Doc. 22] will be denied.

---

[7] Courts have not been "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

17

## IV. Conclusion

For the reasons previously discussed, and in light of the arguments of the parties as well as the prevailing case law, plaintiff's Motion for Summary Judgment [Doc. 8] will be **GRANTED** and defendant's Supplemental Motion to File Counter-Complaint and Third Party Complaint [Doc. 22] will be **DENIED**.

ORDER ACCORDINGLY.

                    s/ Thomas A. Varlan
                    CHIEF UNITED STATES DISTRICT JUDGE