UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LNV CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-468-TAV-HBG |
| | ) | |
| CATHERINE GEBHARDT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Award of Attorney Fees [Doc. 57], which moves the Court to award the Plaintiff $37,365.00 in attorneys' fees and $689.20 in costs, for a total of $38,054.20.[1] This motion was filed on March 26, 2014, and referred to the undersigned by Order of the Chief District Judge on April 15, 2014. It is now ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that it be **GRANTED IN PART** and **DENIED IN PART**.

On November 7, 2002, Defendant obtained a loan for the purchase of a home and executed an Adjustable Rate Note (the "Note") on the same date. Plaintiff is the owner and holder of the Note. The Note provided that, in the event of a default, the Defendant would be required to pay the note holder any costs and expenses incurred in the holder's attempt to enforce the Note. [Doc. 58-1 at 2]. Specifically, the Note stated that Defendant would be responsible for attorneys' fees. [Id.].

---

[1] $37,365.00 in attorneys' fees and $689.20 in costs.

The Court has found that Defendant breached the terms of the Note and defaulted on the Note. [See Doc. 53 at 9-10]. The Court determined that Plaintiff was entitled to summary judgment in its favor on March 18, 2014, [Doc. 54], and Judgment was entered in favor of the Plaintiff on April 15, 2014, [Doc. 59]. The Plaintiff's Motion for Award of Attorney Fees [Doc. 57] was filed on March 26, 2014, and it was referred to the undersigned for disposition.

The Defendant has not responded in opposition to the Motion for Award of Attorney Fees, and Defendant's time for responding has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

Despite the Defendant's lack of opposition, the Court has examined the Plaintiff's request for fees to assure itself of the reasonableness of the fees. This case is before the Court based upon the diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332, so the Court examines the reasonableness of the fees pursuant to the case law of Tennessee.

When the parties' contract provides that the prevailing party is entitled to reasonable attorney's fees in litigation to enforce the contract, the party who prevails is contractually entitled to recover its reasonable attorney's fees, and the court has no discretion regarding whether to award fees. See Albright v. Mercer, 945 S.W.2d 749, 751 (Tenn. Ct. App. 1996); Airline Constr. Inc. v. Barr, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990). However, the court must determine the reasonableness of the fees requested, and "where a 'reasonable' fee is called for, the award must be based on the guidelines by which a reasonable fee is determined" under Tennessee law. Albright, 945 S.W.2d at 751 (quoting Nutritional Support Servs., Ltd. v. Taylor, 803 S.W.2d 213, 216 (Tenn. 1991)).

Tennessee courts hold that the reasonableness of the fees is to be evaluated using the factors outlined in Rule 1.5 of the Tennessee Rules of Professional Conduct. See Wright v. Wright, 337 S.W.3d 166, 176 (Tenn. 2011); Connors v. Connors, 594 S.W.2d 672, 676 (Tenn.1980); Hosier v. Crye-Leike Commercial, Inc., 2001 WL 799740 (Tenn. Ct. App. July 17, 2001). The relevant factors include:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) The fee customarily charged in the locality for similar legal services;
>
> (4) The amount involved and the results obtained;
>
> (5) The time limitations imposed by the client or by the circumstances;
>
> (6) The nature and length of the professional relationship with the client;
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) Whether the fee is fixed or contingent;
>
> (9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) Whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5. While these factors were codified relatively recently, the Supreme Court of Tennessee has noted they "are neither new nor novel considerations in the determination of a reasonable attorney's fee." Wright, 337 S.W.3d at 177.

The Court has considered the relevant factors, and the Court finds that the fees requested are reasonable, with one exception: the Court finds that Plaintiff's request for hourly fees in excess of $300.00 per hour is unreasonable and is inconsistent with the case law of this district.[2] Accordingly, the Court will reduce the hourly rate of Mr. Ronald G. Steen from $339.45 per hour to $300.00 per hour (60.30 hours x $39.45 = $2,378.84) and to reduce the hourly rate of Mr. Richard Vance from $380.00 to $300.00 (.6 hours x $80.00 = $48.00). In total, the Court finds that it is reasonable to award the Defendant $34,938.16 in attorneys' fees, which is $2,426.84 less than the $37,365.00 requested.

The Court has also considered the costs presented by the Plaintiff. The Court finds that the $689.20 requested for costs is reasonable.

The Court finds that a total award of **$35,627.36** represents the attorneys' fees and costs reasonably incurred in this matter.

---

[2] Where a party moves the Court to award fees, $300.00 per hour is reasonable compensation for work performed by top-tier attorneys in the Eastern District of Tennessee. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

Based upon the foregoing, it is **RECOMMENDED**[3] that the Plaintiff's Motion for Award of Attorney Fees **[Doc. 57]** be **GRANTED IN PART** and **DENIED IN PART** and that Plaintiff be awarded **$35,627.36** representing the attorneys' fees and costs reasonably incurred in this matter.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).