UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LNV CORPORATION, )
                             )
         Plaintiff, )
                             )
v. )    No.: 3:12-CV-468-TAV-HBG
                             )
CATHERINE GEBHARDT, )
                             )
         Defendant. )

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on several motions: (1) defendant's Objection to Memorandum Opinion and Final Order of Judgment [Doc. 65] in which defendant requests that the order granting plaintiff's motion of summary judgment [Doc. 54] be reversed;[1] (2) three motions to intervene filed by Denise Subramaniam, Joann Breitling, and Cammy Depew (the "intervenors" or "proposed intervenors") [Docs. 72, 73, 74]; (3) the proposed intervenors' Motion for Relief from Order and Summary Judgment Favoring LNV Corporation by Vacating a Void Judgment [Doc. 75]; (4) numerous motions for judicial notice [Docs. 75, 77, 78, 79, 80]; and (5) defendant's motions to recuse [Docs. 84, 85, 90], in which defendant seeks to recuse both the undersigned and the magistrate judge in this case. Plaintiff has submitted a response in opposition to defendant's motion for reconsideration [Doc. 83], as well as objections to the proposed

---

[1] The Court treats defendant's motion as one for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *See Mullins v. Marshall*, No. 08-286-JCB, 2010 WL 2331038, at *1 (E.D. Ky. June 10, 2010) (treating a pro se plaintiff's motion to appeal summary judgment as a motion for reconsideration).

intervenor's motions [Doc. 82]. For the reasons set forth herein, and after considering the relevant law, defendant's motions [Docs. 64, 84, 85, and 90] will be denied, and the Court will also deny the proposed intervenors' motions to intervene [Docs. 72, 73, and 74] and motion for relief from judgment [Doc. 75].

I. Background[2]

Plaintiff, LNV Corporation, filed suit against defendant for defaulting on a Note under which defendant was obligated to repay a home loan that had been assigned to plaintiff. Plaintiff subsequently moved for summary judgment and defendant filed a motion requesting leave to file a counter-complaint and a third-party complaint [Docs. 8, 22]. On March 18, 2014, the Court granted plaintiff's motion for summary judgment and denied defendant's motion to file a counter-complaint and a third-party complaint [Docs. 53, 54]. The Court entered an Order of Judgment on April 15, 2014, in the amount of $389,509.83 [Doc. 59]. Defendant subsequently filed the instant motion for reconsideration [Doc. 65], which was followed by the proposed intervenors' motions to join this case [Docs. 72, 73, 74] and defendant's motions to recuse [Docs. 84, 85, 90].

II. Analysis

    A. **Motions for Recusal**

In her motions to recuse, defendant argues that both Magistrate Judge Guyton and the undersigned are subject to having their impartiality questioned, based both on their past experiences and on past decisions. Defendant specifically argues that as both the

---

[2] Although discussed to the extent relevant, the Court presumes familiarity with the underlying facts of this case.

2

undersigned and the magistrate judge previously worked for law firms who have or may have represented financial institutions unrelated to this case, and as both have ruled adversely to pro se parties in the past, they are not neutral in their decisionmaking. Therefore, defendant requests that the Court remove Magistrate Judge Guyton and the undersigned from this case and that another judge be assigned to hear the matter.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "It has long been the law of this circuit that 'a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). As the Sixth Circuit has observed, the standard for disqualification of a judge is an objective one, "hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989)). Furthermore, the Supreme Court has observed that bias that requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Sammons*, 918 F.2d at 599. "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (quotations omitted). The basis for recusal under § 455(a), therefore, cannot be a judge's prior ruling.

Besides defendant's own subjective belief that disqualification is warranted, defendant has given no grounds upon which the undersigned or Judge Guyton should be disqualified from hearing this case. Defendant's motions are based on the alleged representations of the law firms the undersigned and Judge Guyton worked for some time ago, which are unrelated to this case, as well as previous decisions, without noting the context, circumstances or bases in which those decisions were made. She has given no specific examples of incompetence, impartiality, or bias, and she has not explained why any previous rulings against her indicated personal bias against her. *See Nelson*, 922 F.2d at 319-20. Moreover, defendant has given no reason why a reasonable person would question Magistrate Judge Guyton or this Court's ability to remain impartial. Accordingly, defendant's motions for recusal [Docs. 84, 85, and 90] will be denied, and the Court will proceed to analyze the remaining motions before it.

### B. Motion to Reconsider

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by

4

offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before (citation omitted)); *Al-Sadoon v. FISI*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002) (noting that a Rule 59 motion is not an opportunity for a party to "reargue its prior position with the hope that the court will change its mind.").

Defendant's motion does not present the Court with an intervening change in the controlling law or newly discovered evidence, nor does defendant argue that the conclusions reached in the Court's Memorandum Opinion [Doc. 53] regarding plaintiff's motion for summary judgment constitute clear legal error or otherwise result in manifest injustice. Rather, defendant's motion merely quotes portions of the Court's opinion that she states are "not well taken" [Doc. 65], which, the Court finds, is insufficient to grant defendant's requested relief. Some of the portions quoted by defendant include the standard of review for pro se parties and explanatory footnotes containing collateral matters that had little bearing on the Court's decision and otherwise do not constitute a change in law.

With regard to defendant's contention that she pled sufficient facts to allege fraud, the Court finds this argument similarly unavailing. The evidence which defendant

5

identifies to support her claim of fraud is not newly discovered evidence, and even were the Court to find this evidence was newly discovered and consider it on the merits, it would fall short of the standards required by Rule 9 of the Federal Rules of Civil Procedure. In addition, the Court notes defendant does not argue that the Court's conclusions as to her motion to file a counterclaim constituted clear error. Rather, defendant merely re-argues her prior position, which the Court finds is insufficient to meet the requirements of a Rule 59 motion, even giving her arguments the liberal construction afforded pro se parties. In addition, in reviewing the record of this case, the Court finds that none of the grounds for relief are present in this case. Defendant's motion [Doc. 65], accordingly, will be denied.

### C. Motions to Intervene

The proposed intervenors have moved to intervene in the present case as of right pursuant to Federal Rules of Civil Procedure Rule 24(a)(2), or in the alternative, permissively under Rule 24(b) [Docs. 72, 73, 74].

#### 1. Intervention of Right

Intervention as of right under Rule 24(a)(2) requires the intervening party to establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by the parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395

6

(6th Cir. 1993)). The Sixth Circuit has adopted an "'expansive notion of the interest sufficient to invoke intervention of right.'" *Davis v. Lifetime Capital, Inc.*, No. 11-442, 2014 WL 1011430, at *6 (6th Cir. Mar. 18, 2014) (quoting *Miller*, 103 F.3d at 1245)). However, this liberal construction is not without limit; the Sixth Circuit requires a "'direct, substantial interest' in the litigation which must be 'significantly protectable.'" *Purnell v. City of Akron*, 925 F.2d 941, 947 (6th Cir. 1991) (citations omitted).

Here, the intervenors argue that their motions to intervene are timely because they were filed less than one year after final judgment was entered in favor of plaintiff and because defendant's notice of appeal has been filed and is pending [Docs. 72, 73, 74]. Even assuming that the intervenors' motion is timely under Rule 24(a), the Court finds that the intervenors have not shown that their interest in this case, if any, is substantial or direct. The intervenors argue that they have "a substantial legal interest in the subject matter of the action because it involves claims of violations of the First and Fourteenth Amendment rights of due process under the Constitution of the United States specific to deprivation of property; and claims of violation of Fourteenth Amendment rights to equal protection of the law under the Constitution of the United States" [Docs. 72 ¶ 3; 73 ¶ 3; 74 ¶ 3]. The intervenors have not alleged that they are parties to the contract that is the basis of the underlying dispute between plaintiff and defendant, or that they have any other interest in the underlying contract. Rather, they generally allege that this case "implicates *stare decisis* concerns that warrant the intervention of other victims whose cases will be affected by the outcome of this case" [Docs. 72 ¶4; 73 ¶4; 74 ¶ 4]. The

7

Court finds that such discrete interests, asserted by parties to wholly separate agreements in different jurisdictions, fail to establish the necessary "direct, substantial interest" in the underlying breach of contract suit required by Rule 24(a)(2), and thus cannot establish they may intervene as of right.[3]

### 2. Permissive Intervention

In the alternative, the proposed intervenors move to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure which allows for permissive intervention. Under Rule 24(b), a district court has the "discretionary power to permit intervention if the motion is timely, and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'" *Bradley v. Milliken*, 828 F.2d 1186, 1193 (6th Cir. 1987) (internal citations omitted) (quoting Fed. R. Civ. P. 24(b)(2)). The rule "also provides that 'in exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Id*. at 1193–94.

Again, assuming that the motion to intervene is timely, the Court nonetheless concludes that the proposed intervenors have not alleged at least one common question of law or fact. *See* Fed. R. Civ. P. 24(b)(2). The proposed intervenors broadly allege that they have been involved in litigation with plaintiff and have been prejudiced by plaintiff's fraud, abuse of courts, and fraud upon the courts [*See* Docs. 72, 73, 74]. None

---

[3] Because the Court finds that the intervenors cannot meet an essential element of establishing intervention as of right, the Court need not further analyze the remaining factors under Rule 24(a)(2).

of the proposed intervenors, however, have specifically identified a claim or defense that shares a common question of fact or law with the underlying breach of contract dispute between plaintiff and defendant.[4] Additionally, it does not appear that any of the proposed intervenors have causes of actions with plaintiff that are currently being litigated [*See id.*]. Accordingly, the Court finds that the proposed intervenors have failed to set out the claim or defense for which intervention is sought as required by Fed. R. Civ. P. 24(c).

Assuming the Court could find that the proposed intervenors have shown common questions of fact or law sufficient to justify permissive intervention, the Court is still required to weigh such finding against any undue prejudice to the parties. *See* Fed. R. Civ. P. 24(b)(3). Here, although defendant has filed a notice of appeal, the proposed intervenors waited until the Court entered an order granting summary judgment to plaintiff [Doc. 53] and entered a final order and judgment [Doc. 59]. Allowing the proposed intervenors to intervene at this stage of the proceedings will unduly prejudice plaintiff who will be forced to re-litigate claims that have already been disposed of in its favor. *See Simmons v. Countrywide House Loans*, No. 3:11-00476, 2012 WL 610002, at *2 (M.D. Tenn. Feb. 24, 2012), *report and recommendation adopted sub nom. Simmons v. Countrywide House Loans*, No. 3-11-0476, 2012 WL 859591 (M.D. Tenn. Mar. 13,

---

[4] To the extent that the intervenors argue common questions of law or fact based on defendant's proposed counter complaint and third-party complaint [Doc. 22-1] alleging fraud and various other claims, the Court notes that those issues are not implicated in this case based on the Court's order denying defendant's motion to file those claims [*See* Doc. 54].

9

2012) (finding that defendants were unduly prejudiced when intervenor waited until after the magistrate judge had issued a Report and Recommendation to dismiss the case).

For these reasons, the Court declines to exercise its discretion to allow permissive intervention in this case.

### D. Motion for Relief from Judgment

The proposed intervenors have also moved for relief from the Court's order granting judgment to plaintiff [Doc. 75]. In light of the Court's holding denying the motions to intervene, the Court finds that the proposed intervenors are without standing to challenge the Court's grant of summary judgment to plaintiff. Accordingly, this motion [Doc. 75] will similarly be denied.[5]

## III. Conclusion

For the reasons previously discussed, defendant's motions to recuse [Docs. 84, 85, 90] and motion to reconsider [Doc. 65] are hereby **DENIED**. The proposed intervenors' motions to intervene [Docs. 72, 73, 74] and motion for relief from judgment [Doc. 75] are also hereby **DENIED**.

IT IS SO ORDERED.

                                                         s/ Thomas A. Varlan
                                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that the proposed intervenors filed several motions for judicial notice [Docs. 76, 77, 78, 79, 80], and plaintiff requested additional time to respond to these and other motions [Doc. 82]. In light of the Court's previous findings, all of these motions are hereby **DENIED as moot**.